**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON TAYLOR, et al., | Case No. 2:25-cv-02061-JAD-NJK |
| Plaintiffs, | |
| v. | **Order** |
| PROGRESSIVE CASUALTY INSURANCE COMPANY, | [Docket No. 22] |
| Defendant. | |

Pending before the Court is the parties' stipulation to extend the rebuttal expert deadline. Docket No. 22.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of

relief." *Johnson*, 975 F.2d at 609.  When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1]  Although the Court may consider the joint nature of a stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on November 19, 2025, and afforded the parties a 270-day discovery period, which is 90 days longer than the presumptively reasonable length. Docket No. 10; *see also* Local Rule 26-1(b)(1).  In that scheduling order, the Court specifically told the parties that it was not inclined to extend any deadlines due to the lengthy discovery period. *Id.* at 5.  This is the parties' fourth[2] request for an extension of case management deadlines.  Docket No. 22; *see also* Docket Nos. 12, 14, 16.  The Court denied the parties' first three extension requests.  Docket Nos. 13, 15, 17.  The instant stipulation is, once again, deficient for several reasons.  First, despite the Court's orders and the Local Rule's requirement that a stipulation provide the dates on which discovery was completed, the instant stipulation fails to do so for a fourth time.  *See* Docket Nos. 13, 15, 17 (Court's orders); *see also* Local Rule 26-3(a) ("A motion or stipulation to extend a discovery deadline or to reopen discovery must include: (a) A statement specifying the discovery completed").  Second, the instant stipulation also fails to provide a specific description of the discovery that remains to be completed, reasons why the discovery was not completed within the time limits set by the discovery plan, and a proposed schedule for completing all remaining discovery.  *See* Local Rule 26-3(b)-(d).

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).

[2] LR IA 6-1(a) provides that, "[i]mmediately below the title of the motion or stipulation there also must be a statement indicating whether it is the first, second, third, etc., requested extension."  Despite the Court identifying this issue in the parties' previous stipulations, the instant stipulation, once again, fails to do so.  *See* Docket No. 22 at 1; *see also* Docket No. 16 at 1; *see also* Docket No. 15 at 2.

Accordingly, the Court **DENIES** the parties' stipulation without prejudice. Docket No. 22. The parties are **ORDERED** to comply with the Federal Rules of Civil Procedure and the Local Rules in all future filings with the Court.

IT IS SO ORDERED.

Dated: June 10, 2026

_____
Nancy J. Koppe
United States Magistrate Judge